MR. JUSTICE WEBER,
dissenting:
The majority opinion constitutes a careful and thoughtful analysis of the statutes, case law, and the underlying problems of collective bargaining in the public employee sector. I do not disagree with the analysis of the majority opinion and I am therefore led to sign the opinion.
However, I dissent because the opinion does not address a different interpretation of the statutes which I believe should be considered. I dissent with the aim of calling this matter to the attention of the legislature so that it may determine if additional legislation is required.
As pointed out in the majority opinion, the Montana Public Employees Collective Bargaining Act (herein called “Act”) is in agreement with the national labor policy as set forth in the National Labor Relations Act with regard to the definition of “public employees.” Both the Montana and the federal definition of “public employees” excludes both supervisory and management employees. The result of the majority opinion is to neutralize the statutory exclusion as to both supervisory and management employees where they are a part of a bargaining unit in existence prior to the 1973 effective date of the Act. Such neutralizing of the statutory exclusion will continue without limit of years so long as the collective bargaining unit remains in existence. I suggest that a different interpretaion can be given to the statute which will not have the effect of repealing the definition *435 of public employees for bargaining units in existence prior to 1973.
The Act emphasizes that “public employees” shall be protected in the exercise of their right of self-organization, collective bargaining and other related rights. The next step is to determine what employees are to be protected under this public employees collective bargaining act. The Act itself specifically defines “public employees” in section 39-31-103, MCA, as follows:
“(2) (a) ‘Public employee’ means:
“(i) except as provided in subsection (2) (b) of this section, a person employed by a public employer in any capacity; and
“(b) ‘Public Employee’ does not mean:
“(i) an elected official;
“(ii) a person directly appointed by the governor;
“(iii) a supervisory employee, as defined in subsection (3) of this section;
“(iv) a management official, as defined in subsection (4) of this section;
“(v) a confidential employee, as defined in subsection (12) of this section;
“(vi) a member of any state board or commission who serves the state intermittently;
“(vii) a school district clerk;
“(viii) a school adminstrator;
“(ix) a registered professional nurse performing service for a health care facility;
“(x) a professional engineer; or
“(xi) an engineer-in-training.” (Underscoring added.)
The definition is clear. It totally excludes a number of persons, starting with elected officials, including supervisory employees and management officials, and ending with engineers-in-training. It is critical to note that the statute does not base exclusion upon a theory of potential “substantial conflict” if such employees are included in a bargaining *436 unit. Instead, the legislature by definition states that these described persons do not constitute “public employees” who are granted the right of collective bargaining. The result of the majority opinion is to disregard the very specific exclusion, and to add a new idea — the exclusions shall be applied only if there is “substantial conflict.” Such an interpretation adds a test not included in the statute.
If a collective bargaining unit were organized after the 1973 effective date of the Act, such a unit cannot include people other than public employees as defined in the Act; so that in such a situation, supervisory employees and management officials could not under any circumstance be included as a part of the unit, even though proof might be submitted that their presence would not create a substantial conflict. The result is a direct conflict between the persons who are “public employees” in different bargaining units.
The majority opinion bases its conclusions on the grandfather clause, which is set forth in section 39-31-109, MCA, as follows:
“Existing collective bargaining agreements not affected. Nothing in this chapter shall be construed to remove recognition of established collective bargaining agreements already recognized or in existence prior to the effective date of this act.”
I have no problem in agreeing that the grandfather clause requires recognition of the established collective bargaining agreement with Local #521.1 also find no problem in recognition of Local #521 as the bargaining unit. I do question the conclusion that all persons who were in the bargaining unit must continue to be allowed to remain in the bargaining unit in future years.
Without question the collective bargaining agreements and the bargaining units in existence prior to the 1973 date of the Act must be recognized. However, in contract negotiations taking place after the effective date of the Act in 1973, the statutes appear to require that the statutory defi *437 nition of “public employees” must be recognized, with the result that in such subsequent negotiations, supervisory employees and management officials as defined in the Act must be excluded from the bargaining unit. The result would be that the bargaining unit would continue negotiations as it did prior to 1973, but that a unit could no longer retain as a part of the members of the unit any of the persons excluded from the statutory definition of “public employees.” The result would be that the legislative determination as to the persons who are entitled to bargain collectively under the Act would be recognized. The further result would be that all bargaining units under the public employees process would retain the same categories of employees.
A number of parties representing different unions have appeared in this action. Apparently all of them would oppose a construction of the statutory exclusion as above suggested. It seems to me that this is an expression of disagreement by the unions with the clear definition stated by the legislature as to the persons who can and cannot be classed as public employees for collective bargaining purposes. If the legislature agrees with the interpretation of the majority, no legislation is required. On the other hand, if the legislature determines that the definition of “public employees” set forth in the statute should be carried through, then additional legislation is required.